UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEONARDO "FLACO" JIMENEZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-06-CA-1013-XR |
| | ) |
| CONLEY MAGAZINE, L.L.C., AL | ) |
| RENDON, SBC ADVERTISING, L.P., | ) |
| THE CITY OF SAN ANTONIO | ) |
| | ) |
|    Defendants. | ) |

## ORDER

On this date, the Court considered Defendant City of San Antonio's ("COSA") First Amended Motion to Dismiss.  For the reasons discussed below, the motion is GRANTED (Docket No. 9).  COSA's original motion to dismiss is DENIED AS MOOT (Docket No. 6).  Plaintiff's intentional tort claims for invasion of privacy and misappropriation of likeness against COSA are DISMISSED.  Plaintiff's Lanham Act claim and takings claim against COSA remains.  Plaintiff is ORDERED to file his amended complaint by **January 8, 2007.**

### I. Factual and Procedural Background

Plaintiff alleges that after June 2006, Conley published its San Antonio Newcomers Edition 2006-2007, which included a prominent picture of Plaintiff that was published without his permission.  Plaintiff alleges that the publication of his image was used by Conley to market the Texas Conjunto Music Festival.  Plaintiff alleges that the publication was not editorial or news content, but was instead commercially used for profit.  Although Conley was allegedly notified in August 2006 that Plaintiff did not want his likeness used, Conley persisted in distributing the

Newcomers Edition.

Al Rendon is the photographer who allegedly took the photograph of Mr. Jimenez and transmitted it for distribution to COSA through its Convention and Visitor's Bureau without Mr. Jimenez's permission. Plaintiff alleges that Rendon did not cease distributing Plaintiff's picture after being notified of Plaintiff's opposition and that Rendon's act constituted misappropriation of Plaintiff's likeness.

After November 2005, SBC published its annual Yellow Pages directory and included a section on Entertainment and Dining in San Antonio. A picture of Plaintiff was prominently displayed allegedly without his permission in the SBC 2005 Yellow Pages directory. Plaintiff claims that SBC misappropriated his likeness for the mutual advantage of SBC and COSA.

In his amended complaint, Plaintiff sued all Defendants for invasion of privacy, misappropriation of likeness, and false, misleading descriptions under the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff claims that without his consent, Conley, Rendon, SBC, and COSA use and continue to use his valuable likeness in commercial advertisements, such as the Yellow Pages and the Newcomers Edition, to promote its advertisers and COSA. Plaintiff claims that all Defendants invaded his right to privacy and took his property for their unauthorized use of his likeness. Regarding the Lanham Act, Plaintiff claims that Defendants have directly and indirectly engaged in false, misleading, or deceptive acts and practices that will likely cause confusion as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval fo the services or commercial activities offered in the Defendants' publications. Plaintiff also asserted negligence claims against Conley, Rendon, and SBC, and a takings claim against COSA.

COSA's now moves to dismiss Plaintiff's claims of invasion of privacy and misappropriation

of likeness. COSA argues that the Texas Tort Claims Act does not waive immunity for these intentional torts. In response, Plaintiff states that he does not intend to pursue negligence or intentional tort claims against COSA; however, Plaintiff insists that his Lanham Act claim and takings claim against COSA are valid.

## II. Legal Analysis

**A.     Standard of Review for Motion to Dismiss**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

**B.     The Texas Tort Claims Act does not waive immunity for intentional torts asserted against a municipality**

The Texas Tort Claims Act ("TTCA") waives a city's governmental immunity for damage claims arising from its governmental functions, but only to the extent specified in the Act. TEX. CIV.

PRAC. & REM. CODE § 101.0215.  Plaintiffs' claims for invasion of privacy and misappropriation of likeness are not the type of claims involving a waiver of immunity under the Texas Tort Claims Act; therefore, COSA is immune.  *See Univ. Of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.–Houston [1st Dist.] 1999, pet. denied)(stating that invasion of privacy is an intentional tort and does not fall within the waiver of immunity found in the TTCA).  Misappropriation of likeness is one of three distinct injuries under the intentional tort of invasion of privacy that are recognized in Texas.  *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994); *see Express One Int'l v. Steinbeck*, 53 S.W.3d 895, 900 (Tex. App.–Dallas, no pet.)(listing the elements of the tort).  The TTCA explicitly provides that the waiver of immunity does not extend to claims arising out of intentional torts.  *See* TEX. CIV. PRAC. & REM. CODE § 101.057.  Therefore, COSA's first amended motion to dismiss Plaintiff's claims for invasion of privacy and misappropriation of likeness is GRANTED.

In his response, Plaintiff also states that he does not desire to pursue a negligence claim against COSA.  Plaintiff's first amended complaint only states negligence claims against Conley, Rendon, and SBC.  Plaintiff may delete specific claims against specific Defendants from his amended complaint; however, if Plaintiff wishes to non-suit all claims against one party, then Plaintiff must file the appropriate motion or stipulation of dismissal pursuant to Rule 41(a).

### III. Conclusion

COSA's first amended motion to dismiss is GRANTED (Docket No. 9).  COSA's original motion to dismiss is DENIED AS MOOT (Docket No. 6).  Plaintiff's intentional tort claims for invasion of privacy and misappropriation of likeness against COSA are DISMISSED.  Plaintiff's Lanham Act claim and takings claim against COSA remains.  Plaintiff is ORDERED to file his amended complaint by **January 8, 2007.**

It is so ORDERED.

SIGNED this 14th day of December, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE